UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORNELIUS BRAYBOY                                                                    PETITIONER

VERSUS                                                      CIVIL ACTION NO. 3:18CV13-TSL-RPM

WARDEN CHERON NASH                                                              RESPONDENT

## REPORT AND RECOMMENDATION

### Procedural and Factual Background

Before the Court is Cornelius Brayboy's 28 U.S.C. § 2241 petition. In 2007, Brayboy pleaded guilty in the Southern District of Florida to the charge of being a felon in possession of ammunition, in violation of 18 U.S.C. § § 922(g)(1) and 924(e). Doc. [1] at 1; Doc. [9-1] at 1, 5. The Court sentenced Brayboy under the Armed Career Criminal Act (ACCA) based on predicate felonies. The presentence investigation report listed his ACCA predicate felonies as (1) resisting with violence, (2) delivery of cocaine, (3) aggravated battery on a pregnant woman, and (4) aggravated assault with a firearm. Doc. [9-1] at 5. He currently is serving a 224-month federal prison sentence and at the Yazoo City Federal Correctional Institution.

In 2010, Brayboy filed a 28 U.S.C. § 2255 motion with the sentencing court challenging *inter alia* whether he was actually innocent of being an armed career criminal because he had been classified as an armed career criminal based on non-violent prior convictions that did not qualify as career-offender predicate offenses, and because his prior conviction for resisting arrest with violence is not a violent offense under the ACCA. Doc. [9-1] at 1. Notably, Brayboy conceded that "his prior conviction for delivery of cocaine still qualifies as an ACCA predicate offense". *Id.* at 4. In his § 2255 motion, Brayboy contended that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) provided a previously unavailable avenue to

challenge his ACCA-enhanced sentence regarding prior violent felonies. *Id.* at 3. The Eleventh Circuit rejected Brayboy's contention and determined that his previous offenses were indeed ACCA predicate offenses for purposes of enhancement. *See id.* at 7-9.

On January 4, 2018, Brayboy filed the instant petition in the Southern District of Mississippi, the district where he is currently incarcerated. Doc. [1]. In contradiction to his prior assertion in the Southern District of Florida, Brayboy now asserts that his drug conviction under Fla. Stat. § 893.13(a) should not qualify as a predicate offense for purposes of an ACCA-enhanced sentence. The parties agree that Brayboy's petition is subject to the savings clause of § 2255(e).

## Law and Analysis

A federal prisoner, such as Brayboy, may seek post-conviction relief pursuant either to a 28 U.S.C. § 2241 habeas petition or a 28 U.S.C. § 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2241 petitions challenge the manner in which a sentence is being carried out and must be filed in the district where the prisoner is incarcerated. *Id.* Section 2255 motions are used to vacate, set aside, or correct a sentence based on errors that occurred "at or prior to sentencing." *Id.* Section 2255 motions are the primary means to collaterally attack a federal sentence and must be filed in the sentencing court. *Id.*

The "savings clause" of § 2255(e) provides a limited exception to the general rule that a § 2241 petition may not be used to challenge the validity of a sentence. *Id.* at 452. This exception allows a prisoner to challenge his federal sentence if the remedy available under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* The prisoner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Id.* Section 2241 "is not a mere substitute for § 2255". *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

The "inadequacy or inefficacy requirement is stringent." *Id.* A prisoner may not use § 2241 merely to avoid procedural hurdles presented by § 2255. *Pack*, 218 F.3d at 452-53. Prior unsuccessful § 2255 motions or an inability to meet the requirements for second or successive motions does not render remedies under § 2255 unavailable or ineffective. *Id.*

To demonstrate the applicability of the savings clause, Brayboy must show (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a non-existent offense, and (2) his claim was foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Under the ACCA, any person who violates 18 U.S.C. § 922(g), and has three previous convictions for a serious drug offense or a violent felony, is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). For purposes of the ACCA, a "serious drug offense" is defined as a state law offense for manufacturing, distributing or possessing with intent to distribute a controlled substance. 18 U.S.C. § 924(e)(2)(A)(ii). A "violent felony" is defined as a crime punishable by a prison sentence greater than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against another person; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first subsection of the violent felony definition is referred to as the elements clause and the second subsection is referred to as the enumerated clause. *See United States v. Griffin*, 946 F.3d 759, 760 (5th Cir. 2020). The residual clause, which is found in subsection (ii) and begins with the words "or otherwise involves…", was held to be void by the Supreme Court in *Johnson v. United States*. *Id.*

Brayboy has already challenged, without success, the validity of his predicate violent felony offenses in the § 2255 motion filed with the sentencing court. The only issue before this Court is whether his conviction for delivery of a controlled substance under Fla. Stat. § 893.13(a)(1) qualifies as a "serious drug offense" for purposes of the ACCA. He fails to explain why this claim could not have been raised in his § 2255 motion in the Southern District of Florida rather than in a subsequent § 2241 petition in the Southern District of Mississippi. As noted earlier, Brayboy previously conceded that this prior conviction for delivery of cocaine still qualified as an ACCA predicate offense. Doc. [9-1] at 4. In the instant § 2241 petition, Brayboy has changed his tune and now argues the drug conviction should not qualify as a serious drug offense. Brayboy does not clearly articulate what intervening change of law abrogates his prior concession.

Brayboy's invocation of the savings clause fails because he has not identified a retroactively applicable Supreme Court decision relevant to his claim. He cites to *Johnson v. United States*, 576 U.S. 591 (2015) and *Descamps v. United States*, 570 U.S. 254 (2013), both of which were addressed by the Eleventh Circuit when considering his § 2255 motion. Doc. [9-1] at 2-3. Neither of these Supreme Court decisions address the conditions under which a "serious drug offense" may be deemed a predicate ACCA offense. Rather, in *Johnson* the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 576 U.S. at 605-06. Brayboy does not challenge his predicate drug offense under the residual clause. *See Tribue v. United States*, 929 F.3d 1326, 1331-32 (11th Cir. 2019). In *Descamps* the Supreme Court addressed whether a prior violent felony conviction qualifies as a predicate offense under the enumerated clause of ACCA. *Descamps*, 570 U.S. at 257-58. Brayboy does not challenge his predicate drug offense under the enumerated clause for violent felonies. He merely challenges

4

whether his predicate offense for delivery of cocaine qualifies as "serious drug offense" for purposes of ACCA.  *See United States v. White*, 837 F.3d 1225, 1235 (11th Cir. 2016) ("[t]he Supreme Court had no occasion in *Descamps* ... to consider ... the proper interpretation or application of the ACCA's serious drug offense provision."); *In re Rogers*, 825 F.3d 1335, 1338 n.4 (11th Cir. 2016) (noting that the court "would not need to apply *Descamps* if the sentencing court relied upon three qualifying serious drug offenses to impose the ACCA enhancement.")  Accordingly, the central holdings in *Johnson* and *Descamps* do not implicate his claim and, therefore, do not constitute retroactively applicable Supreme Court decisions to establish that he may have been convicted of a non-existent offense.

Petitioner also cites to the Eleventh Circuit's decision in *Gordon v. United States Attorney General*, 861 F.3d 1314 (11th Cir. 2017), and argues that an offense under Fla. Stat. § 893.13(1)(a) does not qualify as a serious drug offense because the statute is overbroad and covers a greater swath of conduct than criminalized under ACCA.  Brayboy's reliance on *Gordon* is misplaced because the case is easily distinguishable.  In *Gordon*, the Eleventh Circuit held that the "sale" and "delivery" of controlled substances under Fla. Stat. § 893.13(1)(a) are separate offenses with separate definitions.  861 F.3d at 1318-19.  Thus, the court held that a conviction for delivery of a controlled substance does not qualify as an "aggravated felony" for purposes of the Immigration and Nationality Act (INA) 8 U.S.C. § 1101(a)(43)(B).  *Id.*  In the instant case, we are not concerned with defining aggravated felonies under the INA.  Rather, at issue is whether delivery of a controlled substance qualifies as a "serious drug offense" for purposes of the ACCA, an entirely separate inquiry from that in *Gordon*.

The holding in *Gordon* notwithstanding, the Eleventh Circuit consistently has held that drug offenses under Fla. Stat. § 893.13(1)(a) do qualify as predicate offenses for the ACCA.  *See*

*United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014) (holding that sale of cocaine with intent to distribute and possession of cocaine with intent to distribute under Fla. Stat. § 893.13(1) were "serious drug offenses" under the ACCA); *United States v. Washington*, 707 Fed. Appx. 687 (11th Cir. 2017) (Defendant's conviction for delivery of cocaine in violation of Fla. Stat. § 893.13 qualified as a "serious drug offense"); *United States v. Pearson*, 662 Fed. Appx. 896, 899-900 (11th Cir. 2016) (holding that "crimes under Florida Statute § 893.13(1) qualify as 'serious drug offenses' within the meaning of the ACCA."). Moreover, the Supreme Court recently handed down its decision in *Shular v. United States*, 140 S.Ct. 779 (2020), affirming the Eleventh Circuit's holding that a prior drug conviction under Fla. Stat. § 893.13 qualified as a "serious drug offense" within the meaning of the ACCA. The Supreme Court clarified that "[t]he 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." *Shular*, 140 S.Ct. at 782. In light of *Shular*, Brayboy cannot demonstrate that he was convicted of a non-existent offense. *See United States v. Prentice*, 956 F.3d 295, 300 (5th Cir. 2020) (holding that "*Shular* broadens the understanding of 'a serious drug offense' by focusing on the underlying *conduct*."); *United States v. Smith*, 983 F.3d 1213, 1221-23 (11th Cir. 2020). Brayboy has failed to demonstrate the applicability of the savings clause to his claim; therefore, he may not proceed under § 2241.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Cornelius Brayboy's 28 U.S.C. § 2241 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 25th day of January 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE